Leonard J.
The relator appears, from the facts stated in the alternative writ, and the answer, to be entitled to have his lease executed by the defendant. An ordinance has been duly passed, directing its execution by the defendant, who is their subordinate officer and agent. The clerk who has the custody of the seal must use it when those who are authorized call for it. He cannot prevent the comptroller from carrying into effect an ordinance which necessarily required the impress of the seal. But there is an insurmountable objection to the writ, existing at present.
The comptroller is under an injunction from this court, at the suit of Pullman, an alderman at the time the suit was commenced, and authorized by law to maintain such an action in his own name—forbidding him to execute this lease, or to pay the rent. Pullman has now ceased to be an alderman, and the suit has, I think, abated from that cause. But abatement is but a temporary disability, and, if there is any successor, might be revived. It is doubtful whether, if there is any legal successor of an alderman, he would allow the suit to be revived in his name' but the suit and injunction cannot for' that cause be denied an existence. The injunction must be removed before the motion can be granted. This court cannot require the defendant to violate an injunction. If the suit is legally defunct, it only requires an application to this court to remove that barrier to the relief sought. Due observance of the process of injunction compels this court to respect its provisions until it has been regularly terminated in its authority.
The application for the mandamus, as it respects the payment of the rent, depends on other principles.It is not made to appear, as it must before the peremptory writ can be allowed, that there is money in the treasury belonging to the relator. Unless that fact clearly and affirmatively appear, he must take the customary remedy by action.
The application must be denied without prejudice to a renewal in case of the removal of these grounds of objection.